IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDRA MCMURTRY, )<br>)<br>      **Plaintiff,** )<br>)<br>   v. )<br>)<br>NANCY A. BERRYHILL, Deputy )<br>Commissioner of Operations of )<br>the Social Security )<br>Administration,[1] )<br>)<br>      **Defendant.** | No. 16 C 8462<br><br>Magistrate Judge<br>Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff Sandra McMurtry's ("Plaintiff") claims for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI the Social Security Act (the "Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 12] is denied and the Commissioner's cross-motion for summary judgment is granted.

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. Procedural History

Plaintiff filed her application for DIB in August 2012 and her applications for SSI in August 2012 and March 2013. (R. 264–79.) Her applications were denied initially and again upon reconsideration. (R. 133, 145.) Plaintiff appeared for three separate hearings before an Administrative Law Judge ("ALJ") on August 13, 2010, February 24, 2011, and August 19, 2014. (R. 42–132.) She was represented by counsel only at her final hearing. (*Id.*) A vocational expert was also present at the hearing and testified. (*Id.*) On March 13, 2015, the ALJ issued an unfavorable decision finding Plaintiff was not disabled. (R. 16–41.) The Appeals Council ("AC") denied review on June 29, 2016, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Herron v. Shalala*, 19 F.3d 329, 332 (7th Cir. 1994); (R. 1–6.)

## II. ALJ Decision

On March 13, 2015, the ALJ issued an unfavorable written determination finding Plaintiff was not disabled. (R. 16–41.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 30, 2009, her alleged onset date, and met the insured status requirements of the Act through December 31, 2012. (R. 21.) At step two, the ALJ found that Plaintiff suffered from severe impairments of asthma, diabetes mellitus, ulcers, obesity, coronary artery disease, right knee chondromalacia, degenerative joint disease, and small partial

tendon thickness tear, status post arthroscopic surgery. (*Id.*) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meet or medical equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926), (R. 22.)

Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work at a sedentary exertional level, subject to several limitations.[2] At step four, the ALJ concluded that Plaintiff was unable to perform any past relevant work. (R. 34.) At step five, based on Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed including addresser, surveillance system monitor, and document preparer. (R. 34–35.) Because of this determination, the ALJ found that Plaintiff is not disabled under the Act. (R. 35–36.)

## DISCUSSION

### III. ALJ Standard

Under the Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

---

[2] At this stage, the ALJ determined Plaintiff:
> can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, and never climb ladders, ropes, or scaffolds. She can engage in no overhead reaching or lifting with non-dominant left arm. She is limited to frequent handling and fingering bilaterally.

(R. 23.)

3

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer to any remaining question precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one through four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## IV. Judicial Review

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported.") (internal citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning. . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

We review the ALJ's decision but we play an "extremely limited" role. *Elder*, 529 F.3d at 413. Where conflicting evidence would allow reasonable minds to differ,

the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron*, 19 F.3d at 333.

V.     **Analysis**

Plaintiff argues that the ALJ's decision should be remanded because he: (1) improperly weighed the medical opinion evidence; (2) misapplied the Social Security Rulings; and (3) provided incomplete hypothetical questions to the vocational expert (the "VE"). For the reasons that follow, the Court disagrees.

**A. Medical Opinion Evidence**

To begin, Plaintiff asserts that the ALJ failed to sufficiently explain his reasons for according "little" weight to four of her treating physicians: oncologist Dr. Alexander Starr, M.D., orthopedic surgeon Dr. James Kreik, M.D., cardiologist Lokesh Chandra, M.D., and oncologist Shankar Sanwalani, M.D. As support for her assertion, Plaintiff recites portions of the medical evidence provided by her treating sources including their general exam findings and diagnoses. The problem with this "argument", however, is that Plaintiff fails to connect her medical summary to any legal authority or analysis. Instead, it appears that she is highlighting evidence which she believes indicates that she is disabled. It is not proper for Plaintiff, or this Court, to reweigh the medical evidence at this stage. *See Herr*, 912 F.2d at 181 (noting that where conflicting evidence would allow reasonable minds to differ, the

6

responsibility for determining whether a plaintiff is disabled falls upon the Commissioner); *see also Lopez v. Astrue*, 807 F. Supp. 2d 750, 763 (N.D. Ill. 2011) (stating a claimant's counsel must not play doctor). Due to the conclusory nature of Plaintiff's argument, and her lack of analysis, the Court finds that no error occurred. *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues))"; *see also Handford ex rel. I.H. v. Colvin*, No. 12 C 9173, 2014 U.S. Dist. LEXIS 3449, at *39 (N.D. Ill. 2014) (applying *Berkowitz* to reject underdeveloped arguments in a Social Security appeal).[3]

For the sake of completeness, however, the Court will address Plaintiff's argument. Generally, even where a treater's opinion is not given controlling weight, an ALJ must still determine what value the assessment does merit. *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011); *Campbell v. Astrue*, 627 F.3d 299, 308 (7th Cir. 2010). In making that determination, the regulations require the ALJ to consider a variety of factors, including: (1) the nature and duration of the examining relationship; (2) the length and extent of the treatment relationship; (3) the extent to which medical evidence supports the opinion; (4) the degree to which the opinion is consistent with the entire record; (5) the physician's specialization if applicable; and (6) other factors which validate or contradict the opinion. 20 C.F.R. §

---

[3] For these reasons the Court will not consider Plaintiff's one sentence argument that "to the extent that parts of the medical opinions conflicted from one treating physician to another, the ALJ failed to seek clarification of these differences, in violation of HALLEX I-2-5-2."

7

404.1527(c). The ALJ must then provide a "sound explanation" for that decision. *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

Here the ALJ did just that. With respect to each of Plaintiff's treating sources, the ALJ acknowledged their treater status, their relevant specialties, the inconsistencies between their findings from appointment to appointment, as well as their inconsistency with the rest of the record. (R. 32) (finding, among other things, that: (1) Dr. Starr's opinion was not supported by his own notes which demonstrated normal examinations; (2) Dr. Kreik's findings were "excessive" in light of the remainder of the record; (3) Dr. Sanwalani indicated a "fairly good prognosis" in contrast to his "extreme" functional limitations; and (4) Dr. Chandra's opinion was "inconsistent with the longitudinal record as a whole"). As a result, the Court finds that he properly discounted their opinions.

Under this point Plaintiff also argues that the ALJ "played doctor" because he did not assign "great" weight to any of Plaintiff's medical providers. But, Plaintiff provides no authority for her assertion that an ALJ is required to give great weight to at least one medical source. *See Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 721 (7th Cir. 2008) ("[i]t is the parties' responsibility to allege facts and indicate their relevance under the correct legal standard.") (citation omitted) (internal quotation marks omitted). But, even if the Court were to explore Plaintiff's assertion, it would fall flat. The Seventh Circuit has previously stated that "an ALJ must consider the entire record, but the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions any of

8

the claimant's physicians." *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007) (citing *Diaz v. Chater*, 55 F.3d 300, 306 n. 2 (7th Cir.1995)). Thus, the Court finds no remandable error.

**B. SSR Frameworks**

Second, Plaintiff claims the ALJ did not properly apply the guidance provided by SSRs 83-10, 96-8p, and 96-9p.

The Court first turns to SSR 83-10 which explains that "[m]ost unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions." SSR 83-10, 1983 WL 31251, at *5. Plaintiff claims that based on the opinions of three of her treating physicians, as well as her own testimony, she would have difficulty with work that requires even "occasional" use of her hands, fingers, or arms for manipulation. *See* SSR 83-10, at *5 ("'Occasionally' means occurring from very little up to one-third of the time.") But, the physicians that Plaintiff relies on, Drs. Starr, Chandra, and Sanwalani, are the same physicians whose opinions the ALJ had already properly discounted. Thus, although they may have opined that Plaintiff has difficulty in overhead reaching, handling, and fingering, the ALJ was not required to include those limitations in his assessment. *See Simila v. Astrue*, 573 F.3d 503, 520–21 (7th Cir. 2009) (stating that ALJs are only required to include limitations in the RFC they find supported by the record.)

Plaintiff also claims that her ability to use her extremities was evidence by her testimony where she reported that she experiences numbness and tingling in her hands and feet, as well as a burning sensation. She also stated that she was

9

prone to dropping things she picked up. But, the ALJ only assigned partial credibility to Plaintiff's statements and Plaintiff does not argue that the ALJ improperly discounted her subjective symptom allegations. Therefore he was not required to incorporate her statements into his RFC.

In a similar argument, Plaintiff argues that the ALJ's ultimate RFC determination violates SSR 96-8p because she has not demonstrated an ability to perform work activities in an ordinary work setting on a regular and continuing basis for eight hours per day, five days per week. Again, Plaintiff relies on the argument that none of her treating physicians opined that she could work at this sustained level. But, Plaintiff's argument fails to acknowledge the ALJ had previously, and properly, discounted the opinions of those doctors. Thus, once again, the ALJ did not need to rely on their findings when making his RFC determination.

Finally, Plaintiff claims the ALJ failed to discuss whether Plaintiff could perform the mental activities that are generally required by competitive, remunerative, unskilled work. Under SSR 96-9p, such activities include: understanding, remembering, and carrying out simple instructions; making judgments commensurate with the functions of unskilled work; responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting. SSR 96-9p, 1996 WL 374185, at *9. After laying down these guidelines, Plaintiff summarily states that "[w]hether Plaintiff could meet these requirements was not discussed by the ALJ." *Pl.'s Br.* at 14.

Despite the fact that Plaintiff's limited analysis constitutes forfeiture of this issue, the Court addresses the argument below. *Berkowitz*, 927 F.2d at 1384. Nowhere in her brief does Plaintiff point to any evidence from her medical providers or her own testimony which demonstrates that she would have difficulty with these mental activities. *See Jeralds ex rel. Jeralds v. Astrue*, 754 F. Supp. 2d 984, 992 fn.1 (N.D. Ill. 2010) ("It is simply not the court's job to sift through the record to find evidence to support a party's claim."). That said, on the Court's own review of the record, it appears that most of the evidence regarding Plaintiff's mental impairments was supplied by Drs. Starr, Sanwalani, and Chandra. As it has been previously noted, the ALJ properly discounted these opinions. Accordingly, the Court finds that no error occurred on this point.

**C. Hypothetical Questions**

As her final argument, Plaintiff asserts that the ALJ to include all of her limitations supported by the medical evidence in the hypothetical questions he posed the VE. As an initial matter, the Court agrees with Plaintiff that "[o]rdinarily, a hypothetical question to the vocational expert must include all limitations supported by medical evidence in the record. *Young v. Barnhart*, 362 F.3d 995, 1003 (7th Cir. 2004) (citation omitted). Here, Plaintiff argues the ALJ did not include the limitations set out by her four treating physicians. But, once again, the ALJ was required to incorporate limitations from opinions which he properly discounted.

Plaintiff makes note that the ALJ should have asked the VE about the erosion of the available occupational base if Plaintiff could not use her hands, fingers, or arms as usually required. Contrary to Plaintiff's argument, the ALJ did include restrictions of this nature in his hypothetical. At the 2014 hearing the ALJ asked to ALJ to consider the jobs available for an individual who, among other things, could have no overhead reaching with the non-dominant left arm and whose bilateral handling and fingering would be limited to only "frequent" use. (R. 78.) Plaintiff's representative then asked the VE if jobs would still be available if the hypothetical individual was limited to only occasional handling and fingering, to which the VE responded that the individual could still perform work as a surveillance monitor. (R. 81). Thus, Plaintiff has failed to prove how the ALJ did not investigate into this issue. Accordingly, the Court finds that no error occurred.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 12] is denied and the Commissioner's cross-motion for summary judgment is granted. Affirmed.

**SO ORDERED.**          **ENTERED:**

**DATE:**    May 22, 2018

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**